# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 13, 2010

## STATE OF TENNESSEE v. AARON BENARD BARNETT

**Direct Appeal from the Circuit Court for Madison County**
**No. 09-190     Donald H. Allen, Judge**

**No. W2009-02582-CCA-R3-CD  - Filed March 30, 2011**

The defendant, Aaron Benard Barnett, was convicted of aggravated burglary, a Class C felony, and vandalism over $1000, a Class D felony. He was sentenced to six years for aggravated burglary and four years for vandalism, with the sentences to run consecutively. On appeal, he argues that the evidence was insufficient to support his convictions and that the trial court improperly imposed consecutive sentences. After careful review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, for the appellant, Aaron Benard Barnett.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant and the victim were involved in a dating relationship, and, although they separated in November 2008, the victim testified that the defendant continually phoned her, making unwanted attempts at reconciliation. The defendant also harassed her in other ways, including taking her phone and car keys. The fear caused by the defendant's actions led the victim to stay at her mother's house. The defendant's course of conduct reached a climax on December 6, 2008, when the victim and her father returned to her home to find that the back door of the house had been "kicked in."

When the victim entered the house, she determined that her Christmas tree had been kicked over and stepped on; the presents under the tree were missing; a television was turned over; and another television, a computer, and a telephone were missing. Further inspection revealed holes in the walls of the hallway, a mirror knocked off the frame in the bedroom, additional damage to the furniture, and several more destroyed personal items including the family china set. The victim contacted the police. The victim's mother estimated that the cost to repair the damage to the house was approximately $900-1000, and that the value of the destroyed personal items was $250.

A few days later, the defendant called the victim and "was talking crazy," leading her to hang up on him. He then began to text her incessantly, alternatively threatening her and promising to return things that had been taken from the apartment during the break-in on December 6. The defendant made numerous inculpatory statements in these text messages, including "You dang right I took whatever I bought up out of that house" and ". . . I guess I'll go on and keep this house phone and the TV."

The defendant was tried by jury and found guilty on September 10, 2009, of aggravated burglary and vandalism over $1000. He was sentenced to six years for the aggravated burglary and to a consecutive four years on the vandalism count, for a total effective sentence of ten years. The defendant now appeals, claiming insufficient evidence to support the jury's findings of guilt and error in the trial court's decision to impose consecutive sentences. Following a careful review of the record, we affirm.

I.

The defendant contends that the evidence was insufficient to support his convictions for aggravated burglary and vandalism. However, in Tennessee, great weight is given to the result reached by the jury in a criminal trial, and the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom on appeal. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). Moreover, a guilty verdict removes the presumption of innocence which the defendant enjoyed at trial and raises a presumption of guilt on appeal. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). The defendant has the burden of overcoming this presumption of guilt. *Id.* Where sufficiency of the evidence is challenged, the relevant question for this court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Abrams*, 935 S.W.2d 399, 401 (Tenn. 1996).

In this case, the essential elements at issue are those of the crimes of aggravated

burglary and vandalism. "A person commits burglary who, without the effective consent of the property owner . . . [e]nters a building and commits or attempts to commit a felony, theft or assault." T.C.A. § 39-14-402(a)(3) (2011). Aggravated burglary, in turn, is simply a burglary of a habitation rather than some other type of building. *See* T.C.A. § 39-14-403(a) (2011). The crime of vandalism requires a perpetrator to "knowingly cause[] damage to or the destruction of any real or personal property of another or of the state, the United States, any county, city, or town knowing that the person does not have the owner's effective consent. . . ." T.C.A. § 39-14-408(a). After reviewing the record, we believe the defendant has failed to carry his burden of demonstrating that no rational jury could have found that he committed the essential elements of these crimes.

The defendant claims that there is insufficient evidence to support the jury's findings of guilt on both counts because "[t]he only proof showing that [the defendant] committed the charged offenses was a series of text messages" and "[n]o independent proof was introduced to definitively say that the cellular number identified as [the defendant's] was actually his number." However, there is no legal requirement that the defendant's telephone number be corroborated by independent proof. The victim in this case testified that the inculpatory texts she received came from one specific phone number and that this phone number belonged to the defendant. There was no contrary testimony. The jury was free to rely on the victim's testimony and conclude that the inculpatory texts were, in fact, sent by the defendant.

The defendant did not object to the admissibility of the following text messages:

(1)    "Whatever got took from you, you'll get it back. Protect my son in the future."
(2)    "'F' all what you forgive. It ain't over yet. I done told you you going to suffer tragic loss."
(3)    "You dang right I took whatever I bought up out that house. You got me messed up. You're not going to play with me like this."
(4)    "I'll keep this other little house phone and the TV then for playing."

These text messages, when combined with the physical evidence and testimony regarding the break-in, theft, and vandalism, are sufficient evidence to support the jury's guilty findings with respect to the necessary elements of each of the crimes. The record reflects that someone, without consent, forcibly entered the victim's home by kicking down its back door on December 6, 2008. In the process, this person caused more than one thousand dollars in damage to the victim's home and personal property. This person also removed a television, furniture, a computer, and additional personal items from the victim's home. Because of the text messages he later sent to the victim, the record amply supports the jury's finding that the person in question was the defendant.

II.

Next, the defendant argues that he was sentenced improperly because his criminal record is not sufficiently extensive to support the imposition of consecutive sentences. A defendant who challenges his or her sentence has the burden of proving that the sentence imposed by the trial court is improper. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record – with a presumption the trial court's determinations are correct – when a defendant appeals the length, range, or manner of service of his or her sentence. T.C.A. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the appropriate sentencing principles as well as all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one statutory criterion applies. The statutory criteria are met if, *inter alia*, "the defendant is an offender whose record of criminal activity is extensive" or "[t]he defendant is sentenced for an offense committed while on probation." T.C.A. § 40-35-115(b)(2) and (b)(6).

Here, the trial court properly imposed consecutive sentences. The record reflects that the trial court considered all the proof adduced at trial and at the sentencing hearing, the appropriate sentencing principles, and the nature and characteristics of the defendant's conduct. The court held that the defendant had an extensive criminal history, including one felony aggravated assault conviction and sixteen misdemeanors (including domestic assault, resisting arrest, and multiple counts of simple assault and evading arrest). The trial court further found that some of the defendant's offenses were committed while on probation for other crimes. Either of these findings, which are fully supported by the record, would be enough to support the trial court's decision to impose consecutive sentencing.

The defendant urges that imposing concurrent sentences, for a total effective sentence of six years, would adequately fulfill all of the goals of sentencing. Even if we were inclined to agree, this court is without power to modify a lawful sentence that has been properly imposed following the correct procedure, even in situations where it might prefer a different result. *See, e.g.*, *State v. Goodwin*, 143 S.W.3d 771, 783 (Tenn. 2004).

Conclusion

For the foregoing reasons, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE